**Duane WITHEY and Ethel Siplin, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,**

v.

**Cesar PERALES, individually and as Commissioner of the New York State Department of Social Services, W. Michael Woodhouse, as Commissioner of the Livingston County Department of Social Services, and W. Burton Richardson, as Director of the Monroe County Department of Social Services, and Louis W. Sullivan, M.D., as Secretary of Health and Human Services, Defendants,**

**Cesar Perales, individually and as Commissioner of the New York State Department of Social Services, and Louis W. Sullivan, M.D., as Secretary of Health and Human Services, Defendants–Appellees.**

No. 70, Docket 90–6107.

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1990.

Decided Dec. 3, 1990.

Bryan D. Hetherington, Rochester, N.Y. (Martha A. Roberts, Leanna Hart–Gipson, Monroe County Legal Assistance Corp., Rochester, N.Y., of counsel), for plaintiffs-appellants.

Lisa S. Farringer, Dept. of Justice, Washington, D.C. (Stuart M. Gerson, Asst. Atty. Gen., Barbara C. Biddle, Dept. of Justice, Washington, D.C., Dennis C. Vacco, U.S. Atty., W.D.N.Y., Rochester, N.Y., of counsel), for defendant-appellee Sullivan.

Daniel Smirlock, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., Albany, N.Y., of counsel), for defendant-appellee Perales.

Before LUMBARD, WINTER, and MINER, Circuit Judges.

WINTER, Circuit Judge:

This appeal presents the issue of whether a federal regulation and a companion New York State statute, which together impose a limitations period on claims for underpayment by recipients of Aid to Families with Dependent Children ("AFDC"), violate a federal statute that requires state agencies administering AFDC benefits to "promptly take all necessary steps to correct any overpayment or underpayment of aid." 42 U.S.C. § 602(a)(22). We conclude that Section 602(a)(22) does not preclude a limitations period on claims of underpayment.

## BACKGROUND

The AFDC program is a cooperative state-federal venture authorized by the Social Security Act. *See* 42 U.S.C. §§ 601–17 (1988). It is intended to provide financial assistance to needy dependent children and their custodial parents or relatives. In order to participate in the program, states must submit a plan to the Secretary of Health and Human Services ("the Secretary") that meets various statutory requirements. *See* 42 U.S.C. § 602(a)–(b). Once its plan is approved by the Secretary, a state is eligible to receive matching funds from the federal government for AFDC benefits paid out by the state. *See* 42 U.S.C. § 603. Also, the Secretary is authorized to issue regulations to implement the AFDC program. *See* 42 U.S.C. § 1302.

The regulation at issue in the instant matter states that an AFDC recipient wishing to appeal state agency action "shall be provided reasonable time, not to exceed 90 days, in which to appeal an agency action." 45 C.F.R. § 205.10(a)(5)(iii) (1989). New York Social Services Law Section 22(4) ("NYSSL § 22(4)") is part of New York's plan and was enacted pursuant to the quoted AFDC regulation. NYSSL § 22(4) requires that "any appeal pursuant to this

section must be requested within sixty days after the date of the action or failure to act complained of." N.Y.Soc.Serv. Law § 22(4)(a) (McKinney 1983 & Supp.1990).

In 1985, appellant Duane Withey received AFDC benefits from New York State through the Livingston County Department of Social Services. In 1986, appellant Ethel Siplin received aid through the Monroe County Department of Social Services. In each case, the County Department reduced the recipient's benefits, in Withey's case because his earned income rendered him ineligible, and in Siplin's case because of an alleged overpayment and increased earned income. Both appellants requested hearings to contest the reduction in benefits but were denied relief because their requests were made more than sixty days after the reduction and were time-barred under NYSSL § 22(4).

Appellants then brought the instant action for declaratory and injunctive relief in the Western District of New York. Appellants alleged that the limitations period of the federal regulation and NYSSL § 22(4) contravene Section 602(a)(22), which requires that "[a] State plan for aid and services to needy families with children must ... provide that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan." [1]

On cross-motions for summary judgment, the district court held for the defendants. Finding that neither the text nor the legislative history of Section 602(a)(22) specifically addresses the issue of a limitations period, the district court deferred to the Secretary's interpretation of the statute, which it found to be reasonable. We agree.

## DISCUSSION

The AFDC regulation requiring a limitations period was promulgated in 1973. *See*

---

1. The district court certified appellants' action as a class action on behalf of:

All applicants for or recipients of Aid to Families with Dependent Children (AFDC) benefits in New York who request a fair hearing in an untimely manner, as presently defined by 45

CFR § 205.10(a)(5)(iii) and Social Services Law § 22(4), and who since April 1, 1988 claim to have been underpaid or have been identified by local, state or federal social services officials to have been underpaid AFDC benefits.

38 Fed.Reg. 22,007 (1973). Congress enacted Section 602(a)(22) in 1982 in the Omnibus Budget Reconciliation Act, Pub.L. No. 97–35, § 2318, 95 Stat. 357, 856–57. By continuing to enforce the regulation, the Secretary has implicitly determined that its limitations provision does not contravene Section 602(a)(22).

Judicial review of an implementing agency's interpretation of a federal statute is governed by *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Under the *Chevron* analysis, a reviewing court must determine whether "Congress has directly spoken to the precise question at issue." *Id.* at 842, 104 S.Ct. at 2781. If the court finds that Congress did so speak, then the court "must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43, 104 S.Ct. at 2781. If, however, the court determines that "the statute is silent or ambiguous with respect to the specific issue," *id.* at 843, 104 S.Ct. at 2782, then the court must defer to any reasonable construction of the statute by the implementing agency, *see id.* at 843–44, 104 S.Ct. at 2781–82, "unless the legislative history of the enactment shows with sufficient clarity that the agency construction is contrary to the will of Congress," *Japan Whaling Ass'n v. American Cetacean Society,* 478 U.S. 221, 233, 106 S.Ct. 2860, 2867, 92 L.Ed.2d 166 (1986). Applying the *Chevron* analysis, we conclude that the statutory language of Section 602(a)(22) does not address the specific issue at hand, that the Secretary's interpretation is not clearly controverted by the legislative history, and that the regulation is reasonable.

The text of Section 602(a)(22) provides no support whatsoever for an inference that Congress has "directly spoken to the precise question at issue," namely, the permissibility of a limitations period within which an AFDC recipient must assert a claim for underpayment. The statutory direction that a state agency "will promptly take all necessary steps to correct any overpayment or underpayment of aid," manifests no "unambiguously expressed intent of Congress" with respect to a limitations period for the presentation of claims for underpayment. The statute is simply silent on the issue.

We also conclude that the legislative history of Section 602(a)(22) does not "show[ ] with sufficient clarity that the agency construction is contrary to the will of Congress." *Japan Whaling,* 478 U.S. at 233, 106 S.Ct. at 2867. At best the legislative history of the enactment is as ambiguous as the text itself with respect to procedure for recovery. *See* S.Rep. No. 139, 97th Cong., 1st Sess. 441, 519, *reprinted in* 1981 U.S.Code Cong. & Admin.News 396, 707, 785–86; H.R.Conf.Rep. No. 208, 97th Cong., 1st Sess. 983, *reprinted in* 1981 U.S.Code Cong. & Admin.News 1010, 1345. Here again Congress simply did not address the issue of a limitations period. Indeed, because 45 C.F.R. § 205.10(a)(5)(iii) was in place when Congress passed the statute, one might have expected some explicit reference to it if Congress intended to eliminate all time limits.

Appellants argue that *Tambe v. Bowen,* 839 F.2d 108 (2d Cir.1988), and *Edwards v. McMahon,* 834 F.2d 796 (9th Cir.1987), require us to conclude otherwise. Both cases addressed the question of whether the Secretary could restrict recovery for underpayment to current recipients of AFDC benefits and thus deny relief to former recipients who had been underpaid. In *Edwards,* the Ninth Circuit ruled that the Secretary could not limit recovery in this manner. Interpreting the text of Section 602(a)(22), the court stated, " 'All' means every. 'Any' means without restriction or limitation. The plain meaning of the statute could not be broader. Congress intended all underpayments to be corrected." 834 F.2d at 799. In *Tambe,* we followed *Edwards,* quoting the above language. *See* 839 F.2d at 110.

Appellants seek to extend the quoted language of *Tambe* and *Edwards* to the instant matter, arguing that the regulation is invalid because it prevents the correction of *some* underpayments in the face of the statements in *Tambe* and *Edwards* that *all* such underpayments must be corrected. However, *Tambe* and *Edwards* held only that Section 602(a)(22) prevents the Secre-

tary from conditioning the substantive right to redress an underpayment upon the current receipt of AFDC benefits. They did not address the rather different issue of what procedural requirements may be prescribed for the presentation of claims for underpayment.

Neither the text nor the legislative history of Section 602(a)(22) indicates that Congress intended to circumscribe the right of the Secretary to establish procedural requirements governing the presentation of claims for underpayment. The lack of any such indication is important because Congress often creates substantive rights without addressing procedural aspects of their enforcement. Significantly, Congress frequently fails to address the issue of a limitations period even where very important federal rights are involved. *See, e.g., Board of Regents v. Tomanio,* 446 U.S. 478, 483, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980) (holding that New York State statute of limitations applied to federal court action brought under 42 U.S.C. § 1983, which does not specify time limit); *Armstrong v. McAlpin,* 699 F.2d 79, 86 (2d Cir.1983) (applying New York State statute of limitations to action for federal securities fraud).

Given that Congress has not addressed the question of a limitations period, the Secretary's construction of Section 602(a)(22) must prevail if it is reasonable. *See Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782; *Japan Whaling,* 478 U.S. at 233, 106 S.Ct. at 2867. We find that the 90–day period of 45 C.F.R. § 205.10(a)(5)(iii) and the 60–day limit enacted thereunder by NYSSL § 22(4) are reasonable.

Almost all substantive rights are subject to limitations periods, and the Supreme Court has many times recognized the important function they play in an efficient judicial system. *See, e.g., Tomanio,* 446 U.S. at 487, 100 S.Ct. at 1796; *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979). The reasonableness of the length of the limitations period in NYSSL § 22(4) is not at issue because appellants challenge the legality of limitations periods of any length.

In contrast to their claim of illegality, appellants do not seriously challenge the rationality of limiting the accrual of unasserted claims of underpayment of AFDC benefits. The financial burden imposed on the social welfare system by the assertion of old, unexpected claims might become so great at times that current needs of the poor could not be met out of available funds. It is not irrational to conclude that current needs of the poor are to be given priority over redress of past underpayments. Significant administrative considerations are also present. For example, if there were no limitations period, administrative costs might burgeon because of the need to keep the files of all recipients perpetually available in the event hearings on underpayments were demanded.

Affirmed.