OPINION OF THE COURT
Smith, J.
The primary issue presented on this appeal is whether CPLR 208 applies to toll the Statute of Limitations for commencing an action for wrongful death and conscious pain and suffering on behalf of infant beneficiaries where the decedent’s will named plaintiff executrix of her estate and stated that plaintiff should be appointed guardian for her infant children. We hold that CPLR 208 does not apply to toll the Statute of Limitations under those circumstances because plaintiff, as executrix, could have timely sought appointment as the personal representative of the decedent’s estate and commenced the action on the infants’ behalf (see, EPTL 5-4.1).
On April 17, 1986, Rosa Caraballo, then a 30-year-old widow *575 and mother of two daughters, ages 8 and 10, died while receiving care and treatment at Elmhurst General Hospital, a facility owned and operated by defendant New York City Health and Hospitals Corp. (NYCHHC). Prior to her death, Rosa Caraballo had executed a will naming her mother, Carmen Baez, executrix of her estate and stating that she should be appointed guardian of the infant children. On October 7, 1986, letters testamentary were issued to Carmen Baez authorizing her to administer her daughter’s estate. Letters of guardianship for the decedent’s two children were issued to Carmen Baez on November 18, 1986.
On January 5, 1987 Carmen Baez, on behalf of the infants, filed a notice of a claim for wrongful death and conscious pain and suffering against defendant NYCHHC. On July 24, 1987, more than one year and 90 days after her daughter’s death, Baez served a summons and complaint upon defendant NYCHHC. Baez then commenced a second wrongful death cause of action against two doctors who allegedly operated on the infants’ mother by serving another summons and complaint on Dr. Yen Chen on April 21, 1988 and on Dr. John CeCe on June 17, 1988. All three defendants moved to dismiss the actions upon the ground that the Statute of Limitations for commencing the actions had expired or, alternatively, to consolidate the actions. Plaintiff cross-moved to dismiss the Statute of Limitations defenses, arguing that the actions were timely because CPLR 208 applied to toll the Statute of Limitations until letters of guardianship were issued.
Supreme Court granted plaintiff’s cross motion to dismiss the Statute of Limitations defenses, holding that "[i]nasmuch as the sole distributees of the decedent are the infants and the disability of infancy prevents an action from being commenced on their behalf until a guardian is appointed for them, the applicable statute of limitations is tolled until the date of the guardian’s appointment.” The Appellate Division reversed the order, denied plaintiff’s cross motion to dismiss the affirmative defenses of untimeliness and granted defendants’ motion to dismiss the complaints as time-barred. The Court held that "the limitations period commenced running on the date of the decedent’s death rather than on the date of [the] appointment [of decedent’s mother] as executrix or guardian * * * and a toll for infancy pursuant to CPLR 208 is unavailable as there was an adult relative of the deceased who could have instituted the action on behalf of the decedent” (168 AD2d 529, *576 530). The Appellate Division granted plaintiffs motion for leave to appeal to this Court.
Under the EPTL, personal representatives of a decedent have two years, measured from the date of death, in which to commence a wrongful death cause of action (EPTL 5-4.1). However, at the time the present action was commenced, a one-year and 90-day Statute of Limitations applied to actions brought against this municipal defendant (McKinney’s Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, as amended]). * A one-year and 90-day Statute of Limitations period also applied to actions commenced against employees of municipal defendants or public corporations (General Municipal Law § 50-i).
In this case, the decedent’s will named plaintiff Baez executrix of her estate. Upon her daughter’s death, plaintiff Baez could have timely sought appointment as a personal representative to commence the actions on behalf of the infant children and her failure to do so does not suspend the running of the applicable limitations period. The actions against defendants are untimely because they were not commenced until after the one-year and 90-day statutory period had expired.
In Ratka v St. Francis Hosp. (44 NY2d 604), the decedent was survived by his wife, an adult daughter and six infant children. More than two years passed during which neither the wife nor the daughter sought appointment as representative of the decedent’s estate for purposes of bringing a wrongful death action. One of the infant children, having subsequently reached majority, commenced a wrongful death action three years after the date of the father’s death. This Court held that "[t]he infancy of the decedent’s children will not suspend the running of the * * * Statute of Limitations for commencement of a wrongful death action” because a personal representative was not timely appointed despite the opportunity to do so (see, id., at 611-612).
Hernandez v New York City Health & Hosps. Corp. (78 NY2d 687), cited to support the argument that CPLR 208 applies to toll the limitations period for commencing the actions, does not aid the plaintiff. There, this Court held that CPLR 208 applies to toll the Statute of Limitations for com *577 mencing a wrongful death cause of action on behalf of an infant intestate distributee until letters of guardianship are issued or majority of the intestate distributee, whichever occurs first, where there is no representative to commence the action on behalf of the infant before that time. Thus, this Court "construe[d] the toll of CPLR 208 to apply until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first” (id., at 693).
Our holding in Hernandez does not control here because the decedent’s will named her mother executrix of her estate. The concern expressed in Hernandez of not reaching the unnecessarily harsh result of denying an infant claimant the right to assert a claim is absent in this case since the executrix provided for in the will could have timely sought appointment as the personal representative of the decedent’s estate and commenced the actions on infants’ behalf after the death of their mother (see, EPTL 5-4.1). Thus, we conclude that CPLR 208 does not apply to toll the applicable limitations period.
Plaintiff also argues that two waiting periods built into the statutory scheme serve to toll the Statute of Limitations pursuant to CPLR 204 (a). The waiting periods referred to involve the 30 days required between service of a notice of claim and commencement of an action (McKinney’s Uncons Laws of NY § 7401 [1]), and the time necessary for a claimant to comply with an examination request before commencing an action (McKinney’s Uncons Laws of NY § 7401 [2]). We conclude that the Legislature did not intend to extend the limitations period by inclusion of these waiting periods (cf., General Municipal Law § 50-i [3] [providing that none of the section’s provisions, including the 30-day waiting period and the § 50-h examination of claim, "shall operate to extend the (limitations) period.”]).
Plaintiff’s remaining contentions are without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

 As of August 24, 1990, a two-year Statute of Limitations applies to wrongful death claims against NYCHHC (L 1990, ch 804, § 122; Public Authorities Law § 2981).