Ruth KULPA, on Behalf of Rhiannon KULPA and Elizabeth Kulpa, Plaintiff,

v.

Mary E. GLASS, as Commissioner of the New York State Department of Social Services, and Mary Pat Dolan, as Commissioner of the Tompkins County Department of Social Services, Defendants.

No. 94–CV–1439 (RSP/GJD).

United States District Court, N.D. New York.

Oct. 27, 1995.

Cornell Legal Aid, Barry Strom, Patricia J. Warth, Student Practitioner, Phillip A. Hostak, Student Practitioner, Ithaca, NY, for Plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, Richard Freshour, Assistant Attorney General, Albany, NY, for Defendant Dowling.

## MEMORANDUM–DECISION AND ORDER

POOLER, District Judge.

### BACKGROUND

Plaintiff Ruth Kulpa brought this action against Michael Dowling,[1] Commissioner of the New York State Department of Social Services, and Mary Pat Dolan, Commissioner of the Tompkins County Department of Social Services ("TCDSS"), on behalf of Ruth's adopted children, Rhiannon and Elizabeth Kulpa. Ruth challenged the recoupment from Rhiannon and Elizabeth's Aid to Families with Dependent Children ("AFDC")[2] grant of an overpayment made to Ruth by the Tompkins County Department of Social Services between 1971 and 1973. Ruth seeks return of all recoupments made from Rhiannon and Elizabeth's grant after November 1988 but seeks no relief on her own behalf. Both Rhiannon and Elizabeth were born long after the overpayment was made, and Ruth has not received AFDC since the end of 1973. Ruth began receiving Supplemental

---

1. Michael Dowling has subsequently been replaced in office and as a party to this action by the current commissioner, Mary E. Glass.

2. AFDC is a cooperative federal-state program providing financial assistance to needy families with children. *See* 42 U.S.C. § 601 et seq. Rhiannon no longer receives AFDC but did receive AFDC prior to September 1, 1993.

Security Income ("SSI")[3] in January 1974 and has received SSI continuously since that date except for the period between October 1988 and May 1990. During those months, Ruth's SSI grant was interrupted by an erroneous termination but subsequently restored retroactively.

Ruth, on behalf of Rhiannon and Elizabeth, claims that the recoupment of overpayments made to her from the children's grant is impermissible because the state can only recover overpayments from "(1) the assistance unit which was overpaid, or (2) any assistance unit of which a member of the overpaid assistance unit has subsequently become a member, or (3) any individual members of the overpaid assistance unit whether or not currently a recipient." 45 C.F.R. § 233.20(a)(13)(i)(B). The New York State Department of Social Services (NYSDSS)—which had upheld the validity of the recoupment in a fair hearing decision—and TCDSS initially claimed (1) that the recoupment was valid because Rhiannon and Elizabeth were after-adopted children of the overpaid assistance unit; (2) that, in any case, recoupment was proper from December 1988 through May 1990 (inclusive) because Ruth was not receiving SSI during that period and was therefore a mandatory member of Rhiannon and Elizabeth's assistance unit, *compare* 45 C.F.R. § 206.10(a)(1)(vii)(A) *with* 42 U.S.C. § 602(a)(24); and (3) that all claims accruing prior to November 1991 were barred by the statute of limitations.

After limited discovery and after entering into a stipulation as to all the controlling facts, the parties made cross-motions for summary judgment. At oral argument on October 6, 1995, NYSDSS and TCDSS conceded that their recoupment of the overpayment made to Ruth from Rhiannon and Elizabeth's grant had been and was incorrect and explicitly abandoned their first two arguments. Defendants continued to maintain, however, that all of plaintiffs' claims prior to November 1991 were barred by the three-year statute of limitations applicable to section 1983 actions brought in this state. *See*

*Owens v. Okure,* 488 U.S. 235, 251, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). Because Rhiannon and Elizabeth are infants now and were infants when their cause of action accrued, I asked the parties to consider the tolling effect of N.Y.Civ.Prac.L. & R. § 208. Both the defendants and the plaintiff have subsequently submitted letter briefs on this issue. NYSDSS and TCDSS continue to argue that section 208 did not toll Rhiannon and Elizabeth's claims and that therefore their claims for the months prior to November 1991 are time barred. For reasons that I will discuss briefly, I disagree and therefore grant plaintiffs' summary judgment on all their claims.

## DISCUSSION

■ As indicated, the statute of limitations for a section 1983 action brought in New York is three years. *Owens,* 488 U.S. at 251, 109 S.Ct. at 582. Ruth filed her action on behalf of Rhiannon and Elizabeth on November 7, 1994. Therefore, unless Rhiannon and Elizabeth's claims are governed by an exception to the statute of limitations or are tolled, any claims accruing prior to November 1991 are time barred. Rhiannon and Elizabeth argue both that Civ.Prac.L. & R. § 208 tolled the running of the statute of limitations because of their infancy and that they should enjoy the benefit of the "continuing violation" exception to the statute of limitations often employed in discrimination cases, *see generally Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982); *Cornwell v. Robinson,* 23 F.3d 694 (2d Cir.1994). I agree that section 208 tolled the statute of limitations on the infant plaintiffs' claims and therefore do not reach their argument of a continuing violation in the context of a section 1983 welfare benefits suit. I believe the latter issue to be one of first impression.

■ Section 1983 actions import not only their statute of limitations but also any applicable tolling mechanisms, not inconsistent with the statutory purpose, from state law. *Board of Regents v. Tomanio,* 446 U.S.

---

**3.** Supplemental Security Income is a federal financial assistance program for the needy aged,

blind, and disabled. *See* 42 U.S.C. § 1381 et seq.

478, 485–486, 100 S.Ct. 1790, 1795–1796, 64 L.Ed.2d 440 (1980); *Leonhard v. United States,* 633 F.2d 599, 616–617 (2d Cir.1980), *cert. denied* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Thomas v. New York City,* 814 F.Supp. 1139, 1153 (E.D.N.Y.1993). New York tolls the statute of limitations on an infant's claim during infancy. Civ.Prac.L. & R. § 208. This infancy toll is available to stop the running of the section 1983 statute of limitations. *Leonhard,* 633 F.2d at 616–617; *Thomas,* 814 F.Supp. at 1153.

NYSDSS and TCDSS argue, however, that section 208 does not toll the statute of limitations in this case. First, they contend that because Ruth Kulpa has standing, as a caretaker relative, to bring this action on behalf of Rhiannon and Elizabeth, section 208 does not apply. Defendants rely on *Ratka v. St. Francis Hosp.,* 44 N.Y.2d 604, 407 N.Y.S.2d 458, 378 N.E.2d 1027 (1978) and *Baez v. New York City Health and Hospitals Corp.,* 80 N.Y.2d 571, 592 N.Y.S.2d 640, 607 N.E.2d 787 (1992). In *Ratka* and *Baez,* the New York Court of Appeals declined to apply section 208 tolling to wrongful death actions brought pursuant to N.Y.Est.Powers & Trusts L. § 5–4.1 (*Ratka*) or General Municipal Law § 50–i and McKinney's Uncons.Laws of N.Y. § 7401(2) (*Baez*). *Baez* and *Ratka* do not control in this action, however, because they interpret N.Y.Est.Powers & Trusts L. § 5–4.1 and parallel statutes which both created a cause of action for wrongful death and provided the applicable time limit. No common law cause of action for wrongful death exists in New York. *Ratka,* 407 N.Y.S.2d at 461, 378 N.E.2d at 1030. The New York State Court of Appeals declined to read into the time limitations imposed by these statutes creating a wrongful death cause of action, the tolling devices of Civ.Prac.L. & R. § 208. *Ratka,* 407 N.Y.S.2d at 459, 378 N.E.2d at 1028; *Baez,* 592 N.Y.S.2d at 642, 607 N.E.2d at 789. Neither *Ratka* nor *Baez* has been extended beyond the wrongful death context by New York State courts. NYSDSS and TCDSS apparently believe, however, that *Ratka* and *Baez* should be extended to any situation in which the infant plaintiff resides with an adult who has the capacity to bring the action. To do as defendants suggest would

eviscerate section 208 because, in New York, a parent can always bring an action on behalf of an infant plaintiff. *See* Civ.Prac.L. & R. § 1201. Defendants' position enjoys no support in federal or state law.

NYSDSS and TCDSS also suggest that strong policies support a conclusion that section 208 does not toll the statute of limitations in this case. They argue that a caretaker relative has an obligation to act promptly to correct underpayments and that allowing section 208 to toll the statute of limitations would unduly burden administrative agencies by requiring them to keep records on families for up to twenty years. *Cf. Withey v. Perales,* 920 F.2d 156, 159 (2d Cir.1990) (upholding federal and state regulations setting time limits for administrative appeals of welfare agency's decisions). However—in contrast to the *Withey* plaintiffs, who sought to invalidate both a federal and a state regulation setting a time limit for complaining of an administrative decision—the infant plaintiffs here seek only the application of a long established tolling mechanism to the equally long established statute of limitations for section 1983 actions. The policy reasons articulated by defendants do not support what would, in effect, be a shortening of the otherwise applicable statute of limitations for these infant plaintiffs. Therefore, section 208 tolled the statute of limitations on Rhiannon's and Elizabeth's claims, and none of their claims are time barred.

Because NYSDSS and TCDSS have conceded that their recoupments from Rhiannon's and Elizabeth's grants from November 1988 forward have been illegal and I have found that Rhiannon's and Elizabeth's infancy tolled the statute of limitations, Rhiannon and Elizabeth are entitled to the relief requested on this motion, i.e. (1) a declaration that recoupments of Ruth's overpayment from Rhiannon and Elizabeth's grant has violated federal statute and regulation since the end of November 1988 when the last member of the originally overpaid assistance unit left the assistance unit; (2) annulment of the fair hearing decision made by Commissioner Dowling on January 3, 1994; and (3) judgment directing defendants to rebudget to account for all amounts wrongfully with-

held from Rhiannon and Elizabeth's grant after November, 1988 [4]; and (4) costs and disbursements.

IT IS SO ORDERED.

---

**4.** Rhiannon and Elizabeth originally requested that all wrongfully withheld amounts be returned to them. Defendants pointed out that Rhiannon's and/or Elizabeth's grant would have been subjected to other recoupments whose validity has not been contested if the recoupment at issue in this action had not been in place. At oral argument, the parties agreed that rebudgeting to account for the wrongful recoupment would be the appropriate remedy. This rebudgeting may or may not result in an actual payment to the infant plaintiffs.