OPINION OF THE COURT
 

 Wesley, J.
 

 The issue before us is whether an infant’s action against a municipality is time-barred when the infant through a parent or guardian timely files a notice of claim pursuant to General Municipal Law § 50-e, but fails to commence the action within the one-year and 90-day limitation period of General Municipal Law § 50-i. We hold that CPLR 208 tolls a Statute of Limitations for the period of infancy, and the toll is not terminated by the acts of a guardian or legal representative in taking steps to pursue the infant’s claim. Therefore, the infant plaintiffs’ suit against the City of New York in this case is not time-barred.
 

 In February 1993, plaintiff Evon Carmen Henry discovered that her three-year-old son Devon had been exposed to lead paint. Five months later, Evon received medical confirmation that her other son, Eann (11 months old), had also been exposed to lead paint. Evon hired an attorney and timely filed a notice of claim for each child pursuant to General Municipal Law § 50-e. Each claim alleged that the infant plaintiff ingested lead paint while living in a City-owned apartment and that the City was negligent in the ownership, maintenance and control of the apartment.
 

 In January 1995, plaintiff commenced this action alleging that she had timely filed notices of claim for her sons, that the City had conducted a statutory hearing and that the City had not settled or adjusted the claims. The complaint alleged a claim for each child’s injuries and two derivative claims by Evon for loss of services. Because the action was not commenced within the one-year and 90-day period set forth in General Municipal Law § 50-i, the City moved to dismiss the complaint as time-barred.
 

 Supreme Court dismissed the derivative causes of action, but denied the City’s motion with regard to the causes of action as
 
 *279
 
 serted on behalf of infant plaintiffs, holding that the infancy toll under CPLR 208 did not terminate when their parent filed a notice of claim on their behalf. The court noted that the City sought, in effect, “ ‘to turn the benefit it received by the filing of the notice of claim during infancy into a penalty against infant plaintiffs because the parent or guardian has failed to commence an action within one year and ninety days’ ”
 
 (Henry v City of New York,
 
 Sup Ct, Kings County, June 3, 1997, Bruno, J., index No. 2233/95, citing
 
 Reid v Braithwaite,
 
 NYLJ, Feb. 26, 1997, at 26, col 4).
 

 The Appellate Division reversed (244 AD2d 93). Relying on this Court’s decisions in
 
 Hernandez v New York City Health & Hosps. Corp.
 
 (78 NY2d 687) and
 
 Baez v New York City Health & Hosps. Corp.
 
 (80 NY2d 571), the Appellate Division determined that infant plaintiffs were not under a “disability because of infancy” within the meaning of CPLR 208 (244 AD2d, at 95). The Court also noted that as a result of a 1974 amendment, CPLR 208 no longer affords protection by reason of the age of a prospective plaintiff, but rather applies only when the plaintiff is under a “disability because of infancy”
 
 (id.,
 
 at 97). The Appellate Division concluded that Devon and Eann
 
 [1]
 
 no longer suffered a “disability because of infancy” as their interests were protected by their mother and counsel. We disagree.
 

 Analysis
 

 CPLR 208 provides that where the “person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues,” the Statute of Limitations is tolled for the period of disability. The City contends that although Devon and Eann were infants at the time their causes of action accrued, their “disability because of infancy” ceased when their mother, through counsel, filed timely notices of claim pursuant to General Municipal Law § 50-e on their behalf. Thus, the City argues, CPLR 208 is inapplicable to toll the Statute of Limitations set forth in General Municipal Law § 50-i. The City’s position is not supported by CPLR 208 or the prevailing case law interpreting the provision.
 

 This Court has consistently recognized the special status that is accorded an infant plaintiff by virtue of the infant’s ten
 
 *280
 
 der age; that status is not altered by the action or inaction of the infant’s parent or guardian
 
 (see, Russo u City of New York,
 
 258 NY 344;
 
 Murphy v Village of Fort Edward,
 
 213 NY 397). In
 
 Murphy v Village of Fort Edward (supra,
 
 213 NY 397), we noted that an infant’s right of action “at its origination is and remains in the infant * * * Infancy does not incapacitate the infant from bringing the action”
 
 (id.,
 
 at 401). When the infant sues by a guardian ad litem, although the guardian may manage the suit and protect the infant’s interests, it is the infant who is the real party to the action
 
 (id.).
 
 Thus, it could not “be justly held * * * that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy”
 
 (id.,
 
 at 403). In
 
 Russo v City of New York (supra,
 
 258 NY 344), we reaffirmed that “it is the age and capacity of the infant rather than the conduct of its parents and guardians which control”
 
 (id.,
 
 at 348).
 

 Other courts have concluded that the tolling provisions of CPLR 208 apply notwithstanding service of a timely notice of claim on an infant’s behalf
 
 (see, Rosado v Langsam Prop. Serv. Corp.,
 
 251 AD2d 258 [1st Dept];
 
 Sadler v Horvath,
 
 44 AD2d 905 [4th Dept];
 
 Corbett v Fayetteville-Manlius Cent. School Dist.,
 
 34 AD2d 379 [4th Dept];
 
 Abbatemarco v Town of Brook-haven,
 
 26 AD2d 664 [2d Dept];
 
 La Fave v Town of Franklin,
 
 20 AD2d 738 [3d Dept]).
 
 In Abbatemarco v Town of Brookhaven (supra,
 
 26 AD2d 664), the Second Department held that the one-year and 90-day time period of General Municipal Law § 50-i did not bar an infant’s action against the municipality. The Court specifically noted that “because of the
 
 disability of infancy,
 
 the bar of the statute never became effective”
 
 (id.,
 
 at 664 [emphasis supplied]). In
 
 Rosado v Langsam Prop. Serv. Corp. (supra,
 
 251 AD2d 258), the First Department held that although the infant plaintiff’s guardian, represented by counsel, filed a timely notice of claim but then failed to commence the action within the Statute of Limitations, the action was not time-barred. The Court noted that “the initial prosecution of [the infant’s] claim by his legal representatives did not preclude him from invoking the CPLR 208 disability toll to prevent the running of the statutory period” (id., at 258).
 

 The City argues that most of these cases are distinguishable because they were based on language no longer found in the statute. Prior to 1974, CPLR 208 provided that the infancy toll applied where “a person entitled to commence an action is, at the time the cause of action accrues, under the age of twenty-
 
 *281
 
 one years” (former CPLR 208). Thus, the City argues, the application of former CPLR 208 was defined by the plaintiffs age.
 

 In 1974, the statute was amended; the statute’s use of age to define infancy was dropped and the phrase “disability because of infancy” was added. The City views this as a substantive sea change. The infancy disability, in the City’s view, is no longer measured by age and is overcome when a parent, legal guardian or attorney takes steps to protect an infant’s rights by filing a notice of claim. Thus, according to the City, there is no longer a disability once someone acts on the infant’s behalf. We are unpersuaded by this argument.
 

 In 1971, the 26th Amendment to the United States Constitution became effective, reducing the voting age from 21 to 18 for the purpose of State as well as Federal elections (1974 Report of NY Law Rev Commn, reprinted in 1974 McKinney’s Session Laws of NY, at 1882). The Legislature ratified the Amendment that same year and made the necessary adjustments to the Election Law. The ratification also raised a number of issues concerning the advisability of reducing the age at which legal “infancy” terminates. In response, the Law Revision Commission undertook a review of the Consolidated and Unconsolidated Laws to determine what statutes should be promptly amended, what statutes should remain as they were and what statutes needed additional study by the Commission
 
 (id.).
 

 The 1974 amendment to CPLR 208 was submitted by the Law Revision Commission along with amendments to 52 other statutes
 
 (id.,
 
 at 1883). In conjunction with the amendment to CPLR 208, the Legislature added definitions to the CPLR for the terms “infant” and “infancy.” An “infant” is “a person who has not attained the age of eighteen years;” “infancy” means “the state of being an infant” (CPLR 105 [j], as added by L 1974, ch 924). While the Legislature did not include a definition for the term “disability” and did not use the phrase “under the age of eighteen” to delineate those claims to which the toll of CPLR 208 applies, the resulting phrase “disability because of infancy” appears to be nothing more than a stylistic drafting choice.
 

 According to the Law Revision Commission, “amendatory language has been kept to a minimum in order to interfere as little as possible with existing language. New provisions have been adapted to the existing style of each chapter amended” (Recommendation of NY Law Rev Commn to Legislature, 1974
 
 *282
 
 McKinney’s Session Laws of NY, at 1889).
 
 [2]
 
 There is no indication that the Legislature intended the amendment to change the application of the infancy toll
 
 (see,
 
 Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C208:4, 1999 Cum Ann Pocket Part, at 114;
 
 see also,
 
 Siegel, NY Prac § 54, at 66 [2d ed]). Thus, the legislative history to the 1974 amendment fails to support the City’s contention that the Legislature intended to depart from settled statutory interpretation that the toll is based on the age of the prospective plaintiff.
 

 The City also argues that a 1975 amendment to CPLR 208 creating a 10-year cap on the commencement of an infant’s medical malpractice action is further proof that the tolling protection is tied to a person’s
 
 ability
 
 to commence an action, not age. The legislative history for the 1975 amendment indicates that it was part of a larger package of reforms in response to the diminished availability of health care services as a result of the lack of affordable medical malpractice insurance coverage (Governor’s Mem, Bill Jacket, L 1975, ch 109). Moreover, the 10-year ceiling was designed to cut down the large reserves or “tail” required by insurance carriers for possible claims by infants
 
 (id.).
 
 The amendment to CPLR 208 reflects nothing more than an attempt to place a time cap on infant medical malpractice claims equal to that provided for persons under other legal disabilities. It has no relevance to the reach of the tolling statute at issue here.
 

 The City also relies on
 
 Hernandez v New York City Health & Hosps. Corp.
 
 (78 NY2d 687,
 
 supra)
 
 and
 
 Baez v New York City Health & Hosps. Corp.
 
 (80 NY2d 571,
 
 supra).
 
 It contends that these cases established that, once an infant’s interests are protected by a guardian or personal representative, the tolling provisions of CPLR 208 are no longer applicable as the infant is no longer under a disability. The City misconstrues
 
 Hernandez
 
 and
 
 Baez.
 

 Neither
 
 Hernandez
 
 nor
 
 Baez
 
 holds that the CPLR 208 toll becomes inapplicable when the infant plaintiff retains an attorney or takes steps to pursue litigation. Both
 
 Hernandez
 
 and
 
 Baez
 
 involved wrongful death actions where the “person entitled to commence an action” is the decedent’s personal representative and not a distributee — infant or adult (EPTL 5-4.1).
 

 
 *283
 
 Hernandez concerned an “unusual situation” where there was no personal representative of the decedent’s estate and the infant sole distributee was not eligible to receive letters of administration pursuant to SCPA 707 (1) (a).
 
 No one
 
 could commence a wrongful death action until a guardian was appointed for the infant sole distributee. Thus, the infant’s disability was directly linked to identifying a prospective plaintiff (an administrator) and only the appointment of a guardian or the infant’s eighteenth birthday could resolve the dilemma. In that rare situation, CPLR 208 tolls the Statute of Limitations for the wrongful death action until the “earliest moment there is a personal representative or a potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first”
 
 (id.,
 
 at 693).
 
 Hernandez
 
 does not alter the definitional limits of CPLR 208. It bridges a “unique” statutory gap in a limited circumstance
 
 (id.).
 

 In
 
 Baez,
 
 decedent’s will named plaintiff the executrix. Thus, plaintiff could have sought appointment as the personal representative for the estate and commenced the wrongful death action; the infancy toll was inapplicable because the infant distributees were not “entitled to commence the action.”
 

 Infant plaintiffs should not be penalized by a parent’s compliance with General Municipal Law § 50-e in an effort to protect a right to recovery. Infancy itself, the state of being “a person [under] the age of eighteen” (CPLR 105 |j]), is the disability that determines the toll. An interpretation of the infancy toll which measures the time period of infancy based on the conduct of the infant’s parent or guardian cuts against the strong public policy of protecting those who are disabled because of their age
 
 (see, Valdimer v Mount Vernon Hebrew Camps,
 
 9 NY2d 21, 25;
 
 see also,
 
 CPLR art 12). Because plaintiffs here were under the age of 18 when their causes of action accrued, they are entitled to the benefit of the infancy toll, and their claims against the City are not time-barred.
 

 The City’s remaining contentions are without merit.
 

 Accordingly, the Appellate Division order should be reversed, with costs, and defendant City of New York’s motion to dismiss the first and second causes of action of the complaint against it should be denied.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur; Judge Rosenblatt taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . Eann Henry passed away during the pendency of this appeal. This Court granted the motion to substitute the Public Administrator of Bronx County for and in place of the child.
 

 [2]
 

 . Indeed, the pre-1974 version of CPLR 208 used “disability” to describe insanity and infancy, the only conditions qualifying for a toll under the statute (see, former CPLR 208). Thus, the use of the phrase “disability because of infancy or insanity” is nothing more than an adaptation to the then-existing style of CPLR 208.