■  JOAN N. FROM, Respondent-Appellant, v ROBERT S. FROM, Appellant-Respondent. (And Another Title.) [703 NYS2d 734] —In a matrimonial action in which the parties were divorced by judgment dated May 13, 1996, the defendant former husband appeals and the plaintiff former wife cross-appeals from a decision of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 26, 1999.

Ordered that the appeal and cross appeal are dismissed, without costs or disbursements.

No appeal or cross appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509). In any event, the cross appeal was not timely perfected in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.

■  MAURICIO FUENTES, Appellant, v KINGS PARK CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendants. [704 NYS2d 499] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 17, 1999, which granted the motion of the defendant Kings Park Central School District to dismiss the complaint insofar as asserted against it, and (2) a judgment of the same court, entered March 11, 1999, which, inter alia, dismissed the complaint insofar as asserted against the defendant Kings Park Central School District. The plaintiff's notice of appeal from the order is also deemed a notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as granted the respondent's motion to dismiss the complaint insofar as asserted against it is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff's action was not time-barred since he was not precluded from using the disability toll pursuant to CPLR 208 (see, Henry v City of New York, 94 NY2d 275). Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.