[825 NE2d 121, 791 NYS2d 880]

JOSEPH CAMPBELL, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants.

Argued January 12, 2005; decided February 17, 2005

## POINTS OF COUNSEL

*John R. Kelligrew,* White Plains, for appellant. CPLR 204 (a) applies to a state law cause of action brought in New York Federal District Court against municipalities for personal injury when the Federal District Court declines to exercise pendent jurisdiction over the state law claim. (*Kleinberger v Town of Sharon,* 116 AD2d 367; *Smith v Rensselaer County,* 52 AD2d 384; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375; *Glamm v City of Amsterdam,* 94 Misc 2d 991, 67 AD2d 1056, 49 NY2d 714; *McGill v Board of Educ.,* 59 AD2d 888; *Corbett v Fayetteville-Manlius Cent. School Dist.,* 34 AD2d 379; *Hurd v Allegany County,* 39 AD2d 499; *Abbatemarco v Town of Brookhaven,* 26 AD2d 664.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Mordecai Newman* and *Larry A. Sonnenshein* of counsel), for respondent. I. By its own terms, as well as under the controlling authority of this Court, the time limitation of one year and 90 days contained in General Municipal Law § 50-i is a condition precedent to suit. This Court has held that a condition precedent that incorporates a time limitation is not subject to the toll and time extension provided by CPLR 205 (a). (*Pierson v City of New York,* 56 NY2d 950; *Brennan v City of New York,* 88 AD2d 871; *Blanco v American Tel. & Tel. Co.,* 90 NY2d 757; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375; *Alston v State of New York,* 97 NY2d 159; *Romano v Romano,* 19 NY2d 444; *Hill v Board of Supervisors,* 119 NY 344.) II. The unqualified terms in which the District Court stated its dismissal of the entirety of plaintiff's action indicate that the action, including the state claims, was dismissed with prejudice. The dismissal is, thus, properly deemed a "final judgment upon the merits" as to which CPLR 205 (a) has no application. (*Baylis v Marriott Corp.,* 843 F2d 658; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375.)

### OPINION OF THE COURT

Chief Judge KAYE.

The issue before us is whether the year-and-90-day period

contained in General Municipal Law § 50-i is a statute of limitations (to which the tolling provision of CPLR 205 [a] applies) or a condition precedent to suit (which is a substantive limitation on the right to sue). We agree with plaintiff that section 50-i sets forth a statute of limitations, not a condition precedent.

On December 17, 1997, plaintiff was a wheelchair-bound passenger in a City of New York-owned van driven by a city corrections officer. According to plaintiff, his wheelchair was not correctly restrained in the van and, as the driver turned at the intersection of 161st Street and the Grand Concourse in the Bronx, plaintiff fell over, further injuring an already fractured leg. On or about March 17, 1998, plaintiff served a notice of claim on the City (General Municipal Law § 50-e). In a complaint dated December 16, 1998; plaintiff brought an action in the United States District Court for the Southern District of New York pursuant to 42 USC § 1983 seeking money damages for the alleged violation of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. On April 8, 2002, the court granted summary judgment to the City, dismissing the federal claims for failure to exhaust administrative remedies; the court declined to exercise pendent jurisdiction over plaintiff's state law claims.

By summons and complaint served on or about July 10, 2002, plaintiff commenced the instant personal injury action in State Supreme Court against the City and the officers involved in the incident. The City moved to dismiss the complaint on the ground that the action was time-barred under General Municipal Law § 50-i (1) (c), which provides that no personal injury action shall be maintained against the City unless the action is "commenced within one year and ninety days after the happening of the event upon which the claim is based." Specifically, the City maintained that section 50-i is a condition precedent to suit, not a statute of limitations subject to the tolling provision of CPLR 205 (a), which states:

> "(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the

termination provided that the new action would have been timely commenced at the time of commencement of the prior action."

In opposition, plaintiff asserted that the tolling provision of CPLR 205 (a) applied to section 50-i and that his action was not time-barred. Supreme Court granted the City's motion, relying on our decision in *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.* (93 NY2d 375 [1999]), and the Appellate Division affirmed. We now reverse.

## Discussion

This Court has consistently treated the year-and-90-day provision contained in section 50-i as a statute of limitations (*see e.g. Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 259 [1980] [section 50-i "has generally been regarded as a Statute of Limitations subject to the tolls . . . provided in CPLR 208"]; *Pierson v City of New York*, 56 NY2d 950, 954-955 [1982] [labeling the year-and-90-day period of section 50-i a "Statute of Limitations" and concluding that a notice of claim must be filed before statute of limitations expires, "unless the statute has been tolled"]; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 69 [1984] [concluding that section 50-i's "Statute of Limitations for municipal tort liability is tolled" under CPLR 204 when the plaintiff seeks permission to file a late notice of claim]).

In *Baez v New York City Health & Hosps. Corp.* (80 NY2d 571, 576 [1992]), we observed that at the time plaintiff executor's wrongful death cause of action commenced, "[a] one-year and 90-day Statute of Limitations period . . . applied to actions commenced against employees of municipal defendants or public corporations (General Municipal Law § 50-i)."[1] More recently, in *Henry v City of New York* (94 NY2d 275 [1999]), we considered whether an infant's action against the City was time-barred when the infant (through a parent) timely filed a notice of claim pursuant to General Municipal Law § 50-e, but failed to commence the action within the year-and-90-day period of section 50-i. We held that CPLR 208 tolled the statute of limitations for the period of infancy and that the infant's suit was not

---

1. In *Baez*, the statute could not be tolled, however, because plaintiff, as executor, could have sought appointment as the personal representative for the estate and commenced the wrongful death action—the CPLR 208 infancy toll did not apply because the infant distributees could not "commence the action." (80 NY2d at 577.)

time-barred, thus again treating the year-and-90-day requirement of section 50-i as a statute of limitations subject to CPLR article 2 tolling.

The City presents no valid reason for departing from this consistent precedent.

Mistakenly relying on *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.* (93 NY2d 375 [1999]), the City maintains that the year-and-90-day limitation in section 50-i constitutes a waiver of sovereign immunity. In *Yonkers*, we addressed whether the requirement for bringing an action against the Port Authority within one year under McKinney's Unconsolidated Laws of NY § 7107 (L 1950, ch 301, § 7) was a condition precedent to suit or a statute of limitations. In concluding that the statute contained a condition precedent to suit, we observed that section 7107 was a single enactment of the Legislature both consenting to suits against the Port Authority and incorporating a timeliness requirement as "an integral part of its waiver of sovereign immunity" (93 NY2d at 379). We underscored that if a statute not only creates a cause of action but also attaches a time limitation to its commencement, then "time is an ingredient of the cause" (*id.*, quoting *Romano v Romano*, 19 NY2d 444, 447 [1967]) and its limitation is a condition precedent to the maintenance of the suit. In section 7107, the Legislature explicitly stated that a suit against the Port Authority could go forward only "upon the *condition* [that it] be commenced within one year" (McKinney's Uncons Laws of NY § 7107 [emphasis added]).

The express terms of section 50-i and its legislative background are distinctly different. Nowhere in section 50-i does the term "condition" appear. Rather, the section states that "[n]o action or special proceeding shall be prosecuted or maintained against a city . . . unless . . . the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based."[2]

Nor, in the case of actions against the City, was there a single enactment consenting to suit and incorporating a time limitation as an integral part of a waiver of sovereign immunity. As we recognized in *Florence v Goldberg* (44 NY2d 189, 194-195

---

**2.** By contrast, the notice of claim requirement contained in section 50-i (1) (a) directs parties to General Municipal Law § 50-e, which treats a notice of claim as a condition precedent (*see e.g. O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]).

[1978]), when the State of New York waived its sovereign immunity in 1929, its subdivisions, including the City, also lost their protection from suit. While the State placed time limitations on suits against itself, it did not likewise set forth time limitations for suits against municipalities (*see* Court of Claims Act § 10). It was not until 1959 that the Legislature evinced its intent to make uniform the provisions for commencing actions against municipalities by enacting section 50-i (*see La Fave v Town of Franklin*, 20 AD2d 738 [3d Dept 1964] [citing Governor's Approval Mem, 1959 NY Legis Ann, at 458]). Thus, there is no evidence that the Legislature intended the year-and-90-day provision of section 50-i as a condition precedent to suit.

Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant City of New York's motion to dismiss denied.

G.B. SMITH, J. (dissenting). Because I believe that the time period of one year and 90 days for bringing an action, contained in General Municipal Law § 50-i, is a condition precedent and not a statute of limitations in this case, I dissent.

On December 17, 1997, plaintiff, an inmate in the custody of the New York City Department of Correction, who was suffering from a broken leg, was being transported in a wheelchair in a van. Plaintiff claims that the wheelchair "flipped over" because he was not properly secured, causing him to fall and be injured. Pursuant to General Municipal Law § 50-e, plaintiff filed a timely notice of claim on the City on March 19, 1998.

On March 5, 1999, plaintiff filed a federal action in the Southern District of New York pursuant to 42 USC § 1983 claiming violations of his Eighth and Fourteenth Amendment rights. The federal action was dismissed on April 8, 2002 for failure to exhaust administrative remedies pursuant to 42 USC § 1997e (a). After dismissing the federal questions, federal court declined to assert pendent jurisdiction over the state law claims.

On July 22, 2002, plaintiff filed a state court action against the City. On October 21, 2002, the City filed an answer and on October 28, 2002, the City moved to dismiss pursuant to CPLR 3211 (a) (7).

Supreme Court, on December 13, 2002, granted the motion to dismiss. Supreme Court reasoned that because the action against the City was not brought "within one year and ninety days" after the filing of the notice of claim against the City, it was barred and the statute of limitations could not be tolled

because CPLR 205 (a) "could not be used to obviate the requirements of a statutory condition precedent to suit."

On March 2, 2004, Appellate Division affirmed the order of Supreme Court, determining that plaintiff was not helped by CPLR 205 (a) which allowed for a six month tolling of the statute of limitations because General Municipal Law § 50-i was a condition precedent to the suit, not a statute of limitations. This Court granted the plaintiff leave to appeal.

Before this Court, plaintiff argues that General Municipal Law § 50-i, entitled "Presentation of tort claims; commencement of actions," is a statute of limitations which was tolled pursuant to CPLR 205 (a). Defendant City argues, on the other hand, that General Municipal Law § 50-i is a condition precedent for filing a suit against the City.

In *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.* (93 NY2d 375, 378 [1999]), this Court held that the one year time period for commencing a lawsuit against the Port Authority, contained in McKinney's Unconsolidated Laws of NY § 7107 (L 1950, ch 301, § 7), was a condition precedent that could not be tolled by CPLR 205. Section 7107 reads:

> "The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced. The provisions of this section shall not apply to claims arising out of provisions of any workmen's compensation law of either state."

In *Yonkers*, this Court distinguished between a statute of limitations and a statutory time restriction for commencing a lawsuit. There, this Court stated, "The former merely suspends the remedy provided by a right of action, but the latter *conditions* the existence of a right of action, thereby creating a substantive limitation on the right" (93 NY2d at 378). This Court determined that the time in which to sue was a condition for bringing the lawsuit.

The statute at issue in this case, General Municipal Law § 50-i, is similar to section 7107 in that it also establishes a time condition for bringing a lawsuit. Section 50-i, first enacted in 1959 (L 1959, ch 788, § 1), now reads as follows:

"1. No action or special proceeding shall be prosecuted or maintained against a city . . . unless, (a) a notice of claim shall have been made and served upon the city . . . in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based . . . .

"2. This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter.

"3. Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action or special proceeding."

The statute establishes three requirements for a lawsuit—a notice of claim that complies with General Municipal Law § 50-e, a time lapse of at least 30 days following service of the notice of claim and a lawsuit brought within one year and 90 days after the claim arises. Put another way, if any one of these three requirements is not met, an action or special proceeding sounding in tort cannot be prosecuted or maintained against a city.[1] A reading of General Municipal Law § 50-i, which is written in the conjunctive, that seeks to sever the one-year-and 90-day time period from the other two express statutory requirements, fails to give effect to the entire statute, in direct contravention to one of the most basic rules of statutory construction. Thus, because section 50-i, on its face, creates a time condition for bringing an action, similar in purpose and function to the time condition in Unconsolidated Laws § 7107, CPLR 205 (a) is inapplicable here.

---

**1.** Since section 50-i conditions a lawsuit against the City upon the meeting of three requirements, it is clear that the absence of the word "condition" is not determinative as to whether one exists.

The legislative history supports this interpretation of General Municipal Law § 50-i.

In an April 10, 1959 letter "Re: Assembly Int. 4048, Print No. 4218" from Thomas McCoy, Counsel to the Judicial Conference of the State of New York, to Roswell B. Perkins, Counsel to Governor Rockefeller, recommending approval of the bill, the following statement is made:

> "Section 50-i would bar suits against cities, counties, towns or villages based upon negligent acts of their employees unless, one, notice of claim is made under § 50-e; two, thirty days have elapsed since service of notice without settlement, and three, the section is commenced within one year and ninety days after the event upon which the claim is based." (Bill Jacket, L 1959, ch 788.)

In a March 30, 1959 "Memorandum in relation to Assembly Bill Int. 4048, Pr. 4218," William Sanford, Counsel to the Association of Towns, described the legislation in this way:

> "This legislation would add a new section to the General Municipal Law to be known as section 50-i, which would require *as a condition precedent* to the prosecution or maintenance of an action against a city, county, town or village for personal injuries or property damage[ ] that notice of claim be made and filed pursuant to section 50-e of the General Municipal Law, that it be alleged that at least 30 days have elapsed since the service of such notice and no adjustment or payment has been arrived at, and that the action was commenced within one year and 90 days from the happening of the event upon which the claim is based. It is further provided that these restrictions shall be applicable notwithstanding any inconsistent provision of law, general, special or local" (*id*. [emphasis supplied]).

In an April 16, 1959 letter to Roswell B. Perkins, "Re: A. Int. 4048, Pr. 4218-Approved; Comment," Sheldon Oliensis, Chairman of the Committee on State Legislation of the Association of the Bar of the City of New York, commented:

> "Furthermore, we are concerned that Paragraph 3 may act as a trap for the unwary. Under the present practice, at least in New York City, the parties frequently stipulate to an extension of time for the

completion of the City's examination of the claim; such stipulations have heretofore not prejudiced the plaintiff *because Section 50 (h) of the General Municipal Law and Section 24 of the Civil Practice Act interact to toll the period of limitations. This tolling will now be eliminated"* (*id.* [emphasis supplied]).

The words "herein or" contained in section 50-i (3), cited above, were added by chapter 151 of the Laws of 1960. A footnote to chapter 151 states, "This bill is recommended by the Joint Legislative Committee on Municipal Tort Liability. Its purpose is to make it clear that the period within which actions and special proceedings against municipalities are required to be brought is not intended to be tolled or extended by reason of its provisions."

The cases cited by the majority do not compel a different result. *Cohen v Pearl Riv. Union Free School Dist.* (51 NY2d 256 [1980]) and *Henry v City of New York* (94 NY2d 275 [1999]) involved infancy and the tolling provision of CPLR 208. *Baez v New York City Health & Hosps. Corp.* (80 NY2d 571 [1992]) also involved an argument for the infancy toll of CPLR 208, an argument which this Court rejected. In *Pierson v City of New York* (56 NY2d 950 [1982]), this Court held that an application to file a late notice of claim could not be made after the statute of limitations had run. It also stated that the notice of claim could not be served after one year and 90 days after the cause of action accrued, unless tolled, and cited *Cohen v Pearl Riv. Union Free School Dist.* (51 NY2d at 262-263), a case with an infancy toll.

CPLR 205 (a)[2] authorizes a new action within six months after an action, which is timely commenced, is terminated other than "by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judg-

---

**2.** CPLR 205 (a):

"New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

ment upon the merits." As noted by the Appellate Division, section 205 does not apply when the statutory time bar to the commencement of an action is not a statute of limitations but is a condition precedent (*see Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]; *Matter of Morris Invs., Inc. v Commissioner of Fin. of City of N.Y.*, 69 NY2d 933 [1987]).

Accordingly, I dissent and vote to affirm the order of the Appellate Division.

Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur with Chief Judge KAYE; Judge G.B. SMITH dissents and votes to affirm in a separate opinion.

Order reversed, etc.