Maryanne Sheldrick PAIGE,
Plaintiff–Appellant,

v.

POLICE DEPARTMENT OF THE CITY OF SCHENECTADY, City Of Schenectady, Michael Guthinger, Individually and as a former Police Officer, Schenectady Police Department, George A. Davidson, As Administrator of the Estate of Joseph Formosa, Former Assistant Chief, Schenectady Police Department, Richard X. Nelson, Individually and as a former Chief, Schenectady Police Department, and Victor Palmo, Individually and as former Captain, Schenectady Police Department, Defendants–Appellees.

Docket No. 00–9584.

United States Court of Appeals,
Second Circuit.

Argued Aug. 9, 2001.

Decided Sept. 5, 2001.

John J. Privitera, McNamee, Lochner, Titus & Williams, P.C., Albany, NY, for plaintiff-appellant.

Blair W. Todt, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY, for defendants-appellees Police Department of the City of Schenectady, City of Schenectady, George A. Davidson, Richard X. Nelson, and Victor Palmo.

Michael L. Koenig, O'Connell and Aronowitz, P.C., Albany, NY, for defendant-appellee Michael Guthinger.

Before MINER, JACOBS, and CALABRESI, Circuit Judges.

PER CURIAM:

Maryanne Sheldrick Paige appeals the decision by the district court (Hurd, *J.*) granting summary judgment to defendants on the grounds that the statute of limitations on her 42 U.S.C. §§ 1983, 1985 and 1986 claims had expired. We affirm the decision of the district court.

### BACKGROUND

Appellant Maryanne Sheldrick Paige instituted this action on April 2, 1997, alleging causes of action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Paige contends that twenty years ago, when she was twelve years old, Schenectady police officer Michael Guthinger sexually assaulted her. Paige also alleges that members of the city police department subsequently conspired to cover-up the crime as well as the department's inadequate investigation of it, thereby depriving her of due process, equal protection of the laws and access to the courts.

According to Paige, Officer Guthinger offered her a ride home on the night of August 12, 1981, upon finding her hanging around outside the police station. Once Paige was in the car, Officer Guthinger drove to a remote area and proceeded to assault Paige sexually and to strangle her. Paige passed out and woke up in a ditch. She reported the assault to the police and gave a detailed statement in which she described her assailant and identified the number of his patrol car.

Subsequently, Paige was told by the police department that there was insufficient evidence to pursue her case. On two occasions, representatives of Paige inquired at the Police Department about the status of

the case and were told that no investigatory file for the case existed.

In 1996, a newspaper reporter writing a story about Officer Guthinger revealed to Paige that the police department did possess an investigatory file relating to the 1981 assault. The file contained information suggesting that the police had identified Officer Guthinger as the suspect, but deliberately failed to pursue the case. Paige filed her complaint in this case the following year. She brought a § 1983 claim against Officer Guthinger, the police department and the city, alleging the facts of the assault in 1981. She also brought a § 1985 claim alleging a conspiracy to obstruct justice, a § 1986 claim alleging a failure to prevent the obstruction of justice despite knowledge of the conspiracy, and two additional § 1983 claims alleging a violation of her rights to due process and equal protection of the laws as well as a denial of her right of access to the courts. These additional claims all relate to the asserted cover-up and were also brought against Officer Guthinger, the police department, and the city, as well as various individual members of the Schenectady Police Department.

After the completion of discovery, all the defendants moved for summary judgment on the basis of statutes of limitations. Paige argued in response that none of her claims were time-barred because they did not accrue until the publishing of the newspaper article in 1996. Alternately, she argued that, because of the police department cover-up, the running of the statutes of limitations should be tolled until 1996 under the doctrine of equitable tolling.

■ District Judge Hurd concluded that the statutes of limitations for all the claims accrued on October 13, 1986, the date Paige turned eighteen.[1] Based on the applicable statutes of limitations, he found that the § 1986 claim expired in 1987, and the §§ 1983 and 1985 claims expired in 1989.[2] Judge Hurd also held that the doctrine of equitable tolling did not apply because Paige (1) did not exercise due diligence in pursuit of the police file and, alternately, (2) had sufficient knowledge to commence her causes of action even without the investigatory file. "Paige knew of sufficient facts, or with due diligence could have secured such knowledge, in order to commence a suit based upon her ... causes of action well within the applicable statutes of limitations." *Paige v. Police Dep't*, 121 F.Supp.2d 723, 729 (N.D.N.Y. 2000). Judge Hurd granted summary judgment for the defendants, dismissing all of Paige's claims. This appeal followed.

## DISCUSSION

■ We review an order granting summary judgement *de novo*, considering the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. *See Butler v. New York State Dep't of Law*, 211 F.3d 739, 743 (2d Cir.2000).

■ We agree with the district court that appellant had enough information in 1986, when she became an adult, to bring her § 1983 assault claim, and that therefore this claim is now time-barred. Be-

---

1. Statutes of limitations are tolled during infancy under New York state law. *See* N.Y. C.P.L.R. 208 (McKinney 1990).

2. The statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years. *See Jaghory v. New York State*

*Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir.1994). For actions brought pursuant to § 1986, the limitations period is one year. 42 U.S.C. § 1986 (1994).

cause Paige clearly has known of the assault since 1981, this claim necessarily accrued on or before her majority in 1986. *See Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir.1994) (holding that a § 1983 claim accrues "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm"). Moreover, the alleged fraudulent concealment by the defendants in this case cannot serve to toll appellant's assault claims under the doctrine of equitable tolling because the concealment did not deprive appellant of the information that she needed to bring a § 1983 suit charging assault. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir.1995) ("[W]hen a 'defendant fraudulently conceals the wrong, the time [limit of the statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action.'" (alteration in the original) (quoting *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir.1983))). Although some of the facts putatively concealed by the defendants might have strengthened Paige's case by corroborating her story, we find that the absence of those facts did not sufficiently justify Paige in not pursuing her cause of action as to merit equitable tolling. The statute of limitations for the assault claim therefore expired in 1989, three years after Paige's eighteenth birthday.

█ With respect to appellant's other claims—those relating to the conspiracy to deny her due process, equal protection of the laws and access to the courts—we do not reach the question of whether Paige had sufficient knowledge of the relevant harm and conduct for those actions to have accrued prior to 1996. Similarly, we do not consider whether the defendants' alleged fraudulent concealment warrants the tolling of the statutes of limitations for those claims. Rather, we hold that, because Paige was ultimately not prevented from bringing her § 1983 assault claim, the asserted conspiracy denied her no federal right, and that therefore her complaint failed to state a cause of action as to the remaining §§ 1983, 1985 and 1986 claims.

This is not to say, however, that all claims alleging the illegal deprivation of a cause of action are necessarily extinguished simply because the statute of limitations for the underlying claim is held to have run. In this case, the alleged police conspiracy had no significant effect upon Paige's ability to bring her cause of action for sexual assault. Paige's claim against Officer Guthinger could have been brought regardless of the conspiracy, and there is no indication that the putative conspiracy concealed information that would have enabled Paige to argue that a "policy or custom" existed so as to make the city and police department liable for Guthinger's actions under § 1983. *See Pinaud*, 52 F.3d at 1157 ("[A]n actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipal 'policy or custom.'").

We have considered all of appellant's other arguments and find them to be meritless. Accordingly, we AFFIRM the decision of the district court.