■ PATRICIA HLADIK, Plaintiff, v JOHN P. CONLON et al., Defendants and Third-Party Plaintiffs-Respondents. TOWN OF RAMAPO, Third-Party Defendant-Appellant.—Kane, J. P. Appeal (transferred to this court by order of the Appellate

Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered October 23, 1989 in Rockland County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaints.

This appeal stems from a lawsuit commenced by plaintiff to recover for injuries sustained in an automobile accident in June 1985 at the intersection of Forshay Road and Grandview Avenue in the Town of Ramapo, Rockland County. Operating the two vehicles involved in the accident were defendant John P. Conlon and defendant Evelyn R. Gogarty, plaintiff's mother. The accident occurred after the Gogarty vehicle, with plaintiff as passenger, stopped before the intersection after observing that the traffic lights therein were not operating. The Conlon vehicle then proceeded through the intersection and collided with the Gogarty vehicle as the latter was entering the intersection. Defendants commenced third-party actions against the town essentially alleging negligent care and maintenance of the traffic lights at the intersection. The town subsequently moved for, *inter alia,* summary judgment, arguing that it was not negligent as a matter of law as it had no prior notice of the alleged defective traffic light. Supreme Court denied the motion and found that issues of fact existed as to whether the town "had actual or constructive notice of the inoperative traffic light in question". This appeal by the town followed.

We reverse. In our view, the proof submitted by the town on its motion was sufficient to entitle it to summary judgment as a matter of law *(see,* CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557, 562). That proof demonstrates that the town's first notice of the failed traffic light was a call to the police department reporting the accident involved herein. It then became defendants' burden, as third-party plaintiffs opposing the motion, to demonstrate the existence of triable issues of fact *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967-968; *Zuckerman v City of New York, supra,* at 562). Defendants contend that Conlon's affidavit stating that a town police officer arriving at the scene "indicated in the course of our conversation, that the inoperative signal had been reported earlier that morning" creates a factual issue as to the town's notice thereof. We disagree. That officer's alleged knowledge of the inoperative light "earlier that morning" does not constitute sufficient proof of notice to the town of the failed traffic signal *prior* to the accident itself. Indeed, the officer's alleged knowledge of the inoperative signal prior to arriving at the scene is fully consistent with his dispatch to

the accident by the town police station *after* the accident had been reported and defendants submitted nothing to the contrary. Accordingly, because defendants have failed to rebut, by sufficient proof in admissible form, the town's entitlement to summary judgment, the motion should have been granted.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to third-party defendant and third-party complaints dismissed. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.