■ In the Matter of GEORGE MELILLO, Appellant, v COUNTY OF NASSAU et al., Respondents. [763 NYS2d 70] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Department of Public Works dated November 5, 2001, which denied the petitioner's application for a curb-cut permit, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Jonas, J.), entered July 1, 2002, which granted the respondents' motion to dismiss the petition, and dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

The petitioner owns residential real property in the Village of Laurel Hollow, County of Nassau, located at the intersection of Route 25A, a New York State road, and Cold Spring Harbor Road, a County road. The property has one legal curb cut, accessing Route 25A.

In an action which preceded this proceeding pursuant to CPLR article 78, the Village obtained a judgment against the petitioner, which included a permanent injunction, enjoining the petitioner from maintaining and using a curb cut and driveway onto Cold Spring Harbor Road. The basis for that relief was the petitioner's failure to obtain any permits before removing a portion of the guard rail and constructing the curb cut and driveway accessing Cold Spring Harbor Road.

Thereafter, the petitioner applied to the County Department of Public Works (hereinafter the DPW) for a curb-cut permit, seeking the County's permission to open and maintain the same curb cut which was at issue in the prior action. His application was denied due to his failure to apply to the Village for a building permit, as required for the County to conduct a review of his application, pursuant to General Municipal Law § 239-f. The petitioner commenced the instant proceeding, seeking, inter alia, to review the denial of his application for a curb-cut permit. The Supreme Court granted the respondents' motion to dismiss the petition, and the petitioner appeals.

The County argues that, pursuant to General Municipal Law § 239-f (2), when a proposed curb cut onto a County Road also requires a related building permit from the Village through which the County road passes, the County is entitled to review the Village permit application in connection with the application for a curb cut accessing a County road. Therefore, the petitioner's application to the County for a curb-cut permit was properly denied, since it did not include an application for a Village building permit which was necessary for construction of his driveway. The petitioner argues that General Municipal Law § 239-f (2) does not require an applicant for a County curb-cut permit to first apply for a Village building permit. The Village, also named as a respondent in this proceeding, makes the additional argument that the doctrine of res judicata bars this proceeding, based on the judgment and permanent injunction in its favor which resulted from the prior action.

Addressing first the DPW's interpretation of General Municipal Law § 239-f, we note that it is entitled to great deference unless it is unreasonable or irrational (*see Matter of Thompson v Department of Envtl. Conservation of State of N.Y.,* 132 AD2d 665 [1987]). We do not deem the County's interpretation of the statute, which contemplates a coordinated review by the County and the Village, both of which will be affected by the proposed project, as either unreasonable or irrational. Therefore, we agree with the Supreme Court that the County properly denied the petitioner's application for a curb-cut permit, based on the petitioner's failure to apply for a Village building permit.

We reject, however, the Village's contention that the doctrine of res judicata bars this proceeding and/or any other proceeding by the petitioner for permission to use the curb cut and driveway which he previously constructed without the benefit of any permits, and which he was enjoined from maintaining and using. The gravamen of the prior action, and the basis for

the relief granted therein, was the petitioner's failure to obtain any permits before constructing the curb cut and driveway. In the instant proceeding, the issue is the propriety of the County's denial of his application for a curb-cut permit. Even where successive proceedings arise out of essentially the same conduct, the doctrine of res judicata will not bar the later proceeding, where the evidence necessary for the requested relief in the two proceedings varies materially (*see Julien J. Studley, Inc. v Lefrak,* 48 NY2d 954 [1979]; *Coliseum Towers Assoc. v County of Nassau,* 217 AD2d 387 [1996]). Moreover, if the petitioner follows the required procedures by applying for the necessary permits, he is entitled to a review of his applications on the merits, especially in light of his assertion that the curb cut and driveway that access Route 25A present a safety hazard. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.