■ RUDOLPH L. REED, Plaintiff, v CITY OF SYRACUSE, Defendant and Third-Party Plaintiff. DAVID A. HUDSON, Third-Party Defendant. DAVID A. HUDSON, Second Third-Party Plaintiff-Respondent-Appellant, v RUDOLPH L. REED et al., Second Third-Party Defendants-Appellants-Respondents, and CITY OF SYRACUSE, Second Third-Party Defendant-Respondent. (Appeal No. 1.) [765 NYS2d 125] —Appeal and cross appeal from an order of Supreme Court, Onondaga County (Major, J.), entered March 13, 2002, which, inter alia, granted those parts of the cross motion of David A. Hudson for partial summary judgment seeking a determination that he was not comparatively negligent as a matter of law and striking the affirmative defenses of the statute of limitations and failure to comply with General Municipal Law § 50-e asserted by Rudolph L. Reed and the County of Onondaga.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion of David A. Hudson for partial summary judgment seeking a determination that he was not comparatively negligent as a matter of law and as modified the order is affirmed without costs.

Memorandum: These actions arise out of a motor vehicle collision between a vehicle driven by Rudolph L. Reed and one driven by David A. Hudson in the early morning hours of February 24, 1994, several days after a large snowfall. As the two vehicles simultaneously entered the intersection, Hudson's vehicle struck Reed's vehicle, and both Hudson and Reed sustained personal injuries in the accident. Hudson, who was legally intoxicated and driving without a valid license, entered the intersection with the green light. Reed, an employee of the Onondaga County Sheriff's office, contends that the traffic light was dark in his direction when he entered the intersection. Post-accident testing of the lights indicated that they were malfunctioning. Hudson claims, however, that he could see the

red light illuminated in Reed's direction. Hudson also claims that the presence of eight- to nine-foot-high snowbanks along the roadway prevented him from seeing Reed's vehicle approaching the intersection.

In appeal No. 1, the County of Onondaga (County) and Reed appeal from an order that granted those parts of Hudson's cross motion for partial summary judgment seeking a determination that Hudson was not comparatively negligent as a matter of law, and striking the affirmative defenses of the statute of limitations and failure to comply with General Municipal Law § 50-e asserted by the County and Reed. Hudson cross-appeals from the same order to the extent that it denied that part of his cross motion for partial summary judgment seeking to hold the County and Reed liable as a matter of law. In appeal No. 2, the County appeals from an order and judgment granting the motion of the City for summary judgment dismissing the County's cross claim against it. The City's cross appeal from the order and judgment in appeal No. 2 must be dismissed, inasmuch as the City is not aggrieved by the order and judgment granting summary judgment dismissing the cross claim against it (*see Layaou v Xerox Corp.*, 298 AD2d 921, 922 [2002]).

At the outset, we reject the contention of the County and Reed that Hudson's illegal activities serve as a complete bar to Hudson's recovery. Although his blood alcohol level exceeded the legal limit and he was not a licensed driver, no proof was offered that Hudson was doing anything other than proceeding through a green light in conformance with the traffic laws at the time of the accident. The illegal activities of Hudson are simply factors to be considered in determining whether he was negligent (*see Alami v Volkswagen of Am., Inc.*, 97 NY2d 281, 284 [2002]). We agree with the County and Reed, however, that the court erred in granting that part of the cross motion of Hudson for partial summary judgment determining that he was not comparatively negligent as a matter of law. In addition to his illegal activities, there are issues of fact whether Hudson, although entering the intersection with a green light, nonetheless failed to keep a proper lookout in light of the obstructions to his sight lines that may have impaired his ability to see whether other vehicles were entering the intersection (*see Boston v Dunham*, 274 AD2d 708, 709-710 [2000]).

We agree with the court that Reed is not relieved from liability on the ground that the intersection lights were malfunctioning. Reed was familiar with the intersection and knew that it was controlled by a light, but nonetheless entered

the intersection when, by his own deposition testimony, the light was malfunctioning. Moreover, Hudson claims that he saw the light illuminated red in Reed's direction at the time the two vehicles entered the intersection. Those issues of fact preclude a finding that Reed was not liable as a matter of law.

We agree with Hudson that the County is equitably estopped from raising the statute of limitations and compliance with General Municipal Law § 50-e as affirmative defenses. Equitable principles can apply to prevent a governmental defendant from asserting lack of compliance with section 50-e as a defense (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]). Thus, " '[a county] may be estopped from asserting that a claim was untimely filed when its improper conduct induced reliance by a party who changed his or her position to his or her detriment or prejudice' " (*Rogozinski v Petronio*, 284 AD2d 992, 993 [2001]). Here, the Reed vehicle was registered to the fictitious "Douglas R. Destry," and the County did not acknowledge that it was the owner of the vehicle until after the statute of limitations had expired. Thus, we conclude that the County is estopped from asserting the affirmative defenses of the statute of limitations and General Municipal Law § 50-e.

Finally, the court properly granted the motion of the City for summary judgment dismissing the County's cross claim against it. The City established that it had no actual or constructive knowledge of the malfunctioning light prior to the accident, and the County failed to raise a triable issue of fact (*see Hladik v Conlon*, 163 AD2d 730, 731-732 [1990]). Moreover, inasmuch as Reed settled the action against the City, any claim against it for contribution is barred by General Obligations Law § 15-108 (b). We therefore modify the order in appeal No. 1 by denying that part of the cross motion of Hudson for partial summary judgment seeking a determination that he was not comparatively negligent as a matter of law. Present—Green, J.P., Wisner, Gorski and Lawton, JJ.