■ Erima Cinqumani, Appellant, v County of Nassau et al., Respondents. [814 NYS2d 663]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated March 22, 2005, as granted those branches of the separate motions of the defendants County of Nassau and the Incorporated Village of Mineola which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied her motion for a framed-issue hearing.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The County of Nassau failed to establish its entitlement to judgment as a matter of law. In support of its motion for summary judgment, it submitted sworn testimony from Matthew Morhart, who testified that Nassau County had no jurisdiction over the sidewalk in question, citing Nassau County Administrative Code § 12-4.0 (c) (L 1939, chs 272, 701-709, as amended). Nassau County Administrative Code § 12-4.0 (c) provides, in pertinent part, that incorporated villages have jurisdiction over "the sidewalk area, which for such purpose is defined as the area on each side of the road from the property line to the curb line except as provided in subdivision b of this section." Subdivision (b) states that the County has jurisdiction over all county roads including but not limited to "[t]he location of curb lines and curbs and the regulation of cuts in curbs for any purpose." Accordingly, Nassau County Administrative Code § 12-4.0 specifically provides that the County of Nassau has jurisdiction over curb cuts for "any purpose" which would include curb cuts for persons with disabilities.

This Court has held that a curb cut in an incorporated village in the County of Nassau "contemplates a coordinated review by the County and the Village, both of which will be affected" (*Matter of Melillo v County of Nassau,* 307 AD2d 356, 357 [2003]). Although the Incorporated Village of Mineola had a statutory duty to maintain its sidewalks, "the county ha[d] a collateral duty to maintain its roads in a reasonably safe condition" (*Harris v Village of E. Hills,* 41 NY2d 446, 449 [1977]; *see Gregorio v City of New York,* 246 AD2d 275 [1998]).

It should also be noted that the Assistant Superintendent of

Public Works for the Incorporated Village of Mineola testified at deposition that since Willis Avenue and Old Country Road are owned by the County of Nassau, the curb cut could have been created by or at the request of the County of Nassau without notifying the Village.

The County's claim that it received no prior written notice of the defect is not an applicable defense here since it is alleged that the County affirmatively created the defect (*see Amabile v City of Buffalo,* 93 NY2d 471, 473 [1999]; *Merchant v Town of Halfmoon,* 194 AD2d 1031 [1993]).

With respect to the Village we affirm the determination granting the Village's motion for summary judgment for reasons other than those cited by the Supreme Court. The action accrued on October 28, 2002. The plaintiff moved on January 14, 2004 for leave to serve a late notice of claim, which was within the statute of limitations period which would have expired on January 26, 2004, one year and 90 days after the accident on October 28, 2002 (*see* General Municipal Law § 50-i). The motion was granted by order dated April 21, 2004. However, the Village was not added as a party to the action until June 16, 2004.

The statute of limitations was tolled while the application for leave to serve a late notice of claim was pending (*see Campbell v City of New York,* 4 NY3d 200, 203 [2005]; *accord Matter of Blair v County of Ontario,* 295 AD2d 933, 934 [2002]; *Golomb v Westchester County Med. Ctr.,* 201 AD2d 702 [1994]). That application was granted in the order dated April 21, 2004 which directed the plaintiff to serve a late notice of claim within 15 days and directed the plaintiff to serve the Village with an amended complaint adding the Village as a party no later than 60 days following the hearing pursuant to General Municipal Law § 50-h.

General Municipal Law § 50-i (3) provides that "[n]othing contained herein or in section fifty-h of this chapter shall operate to extend" the one year and 90-day statute of limitations.

Accordingly, General Municipal Law § 50-h, which provides that when a municipality demands an examination no action shall be commenced until the plaintiff complies, does not toll the statute of limitations (*see Baez v New York City Health & Hosps. Corp.,* 80 NY2d 571, 577 [1992]; *accord Mignott v New York City Health & Hosps. Corp.,* 250 AD2d 165, 171 [1998]; *Cruz v City of New York,* 232 AD2d 446 [1996]).

Moreover, in *Astromovich v Huntington School Dist. No. 3* (80 AD2d 628, 629 [1981], *affd* 56 NY2d 634 [1982]), this Court held that a judicial stay has the same effect as a statutory stay

if "it granted appellant [municipality] no relief greater than or inconsistent with that to which it became entitled under statute upon its timely demand for an examination" pursuant to General Municipal Law § 50-h. In the instant case, as in *Astromovich v Huntington School Dist. No. 3,* the order dated April 21, 2004, did not give the Village anything more than it was entitled to pursuant to section 50-h. Instead, the court granted the plaintiff an additional 60 days after a section 50-h examination to commence an action. The Supreme Court had no jurisdiction to extend that statute of limitations (*see* CPLR 201).

Under the circumstances, the statute of limitation was tolled only while the application for leave to serve a late notice of claim was pending. That toll extended the statute of limitations until May 3, 2004. Since the Village was not added as a party until June 16, 2004, the action against it is time-barred.

There is no basis in this record to apply the doctrine of equitable estoppel against the Village (*see Reed v City of Syracuse,* 309 AD2d 1195, 1197 [2003]; *Novak & Co., L.T. v Board of Educ. of City of N.Y.,* 217 AD2d 575 [1995]).

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.