■ MICHAEL DODDY et al., Respondents, v CITY OF NEW YORK et al., Appellants. [844 NYS2d 869]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered December 6, 2006, which denied defendants' motion to dismiss the complaint as time-barred under General Municipal Law § 50-i (1) (c), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiffs moved to file a late notice of claim on July 10, 1991, eight days before the one-year-and-90-day statute of limitations expired. A decision granting the motion, deeming the notice of claim timely served, was entered on March 31, 1992. The statute of limitations, tolled for 265 days, ran anew as of that date, and plaintiffs were required to serve their summons and complaint upon defendants on or before April 8, 1992 (*see* CPLR 204 [a]; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 72 [1984]), which they did not do.

General Municipal Law § 50-i (3) provides that "Nothing contained herein or in section fifty-h of this chapter shall operate to extend" the year-and-90-day statute of limitations. Accordingly, the limitations period was not tolled by the 30-day waiting period imposed by section 50-i (1) (b) (*see Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571 [1992]; *Cinqumani v County of Nassau*, 28 AD3d 699 [2006]; *Mercer v City of Mount Vernon*, 224 AD2d 402 [1996]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.