■ ANTHONY BAYNE, Appellant, v CITY OF NEW YORK, Respondent. [26 NYS3d 77]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered September 4, 2014, which granted defendant City's motion to dismiss the complaint for plaintiff's failure to comply with General Municipal Law § 50-i (1), and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs.

Thirteen days before the expiration of the one-year-and-90-day statute of limitations for commencing a personal injury action against the City (General Municipal Law § 50-i [1]), plaintiff sought leave to file a late notice of claim. The City did not oppose the petition, which was initially denied on procedural grounds. In an order entered September 13, 2013, Supreme Court (Schachner, J.) granted plaintiff leave to serve a late notice of claim within 30 days of the date of the order. Plaintiff served a notice of claim within that time period, and commenced this action on September 30, 2013.

Assuming, without deciding, that the statute of limitations

was tolled during the pendency of plaintiff's petition (*see Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 72-74 [1984]; CPLR 204 [a]), it began running anew on September 13, 2013, when Supreme Court granted plaintiff leave to serve a late notice of claim (*Doddy v City of New York*, 45 AD3d 431, 432 [1st Dept 2007]). Accordingly, plaintiff was required to commence an action against the City within 13 days, on or before September 26, 2013, which he failed to do (*id.*). The order granting plaintiff leave to serve a late notice of claim within 30 days of the order could not extend the statute of limitations (*see Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571, 577 [1992]; *Ahnor v City of New York*, 101 AD3d 581, 582 [1st Dept 2012]). Plaintiff could have filed a complaint within the limitations period, or even before receiving leave to serve a late notice of claim (*see Ahnor*, 101 AD3d at 582; *see also Matter of Shannon v Westchester County Health Care Corp.*, 76 AD3d 680, 682 [2d Dept 2010]; General Municipal Law § 50-e [5]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.